UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____ - CIV-_____

MARK DONALD HUNT,  )      CLASS ACTION
*on behalf of himself and*  )      JURY DEMAND
*all others similarly situated,*  )
 )      Civil Action No.
Plaintiff,  )
 )
v.  )
 )
JPMORGAN CHASE BANK,  )
NATIONAL ASSOCIATION,  )
 )
Defendant.  )
 )
_____ /

**PLANTIFF MARK DONALD HUNT'S CLASS ACTION COMPLAINT FOR DAMAGES**

Class Plaintiff, Mark Donald Hunt (*hereinafter* "Plaintiff"), on behalf of himself and all similarly situated individuals, by and through his undersigned attorney, files this action against the Defendant, JPMorgan Chase Bank, National Association, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (*hereinafter* "FCRA").

I.   **PRELIMINARY STATEMENT**

1. This is an action for damages brought by Plaintiff, Mark Donald Hunt, on behalf of himself and all similarly situated individuals, pursuant to 15 U.S.C. § 1681 *et seq.,* the Fair Credit Reporting Act ("FCRA").

2. The purpose behind the enactment of the FCRA was to establish reasonable procedures and obligations for consumer reporting agencies (*hereinafter* "CRAs", "CRA") with regard to the confidentiality, accuracy, relevancy, and proper utilization of" consumer information.

1

3. In 1996, Congress passed a comprehensive set of amendments to the FCRA, collectively referred to as the Consumer Credit Reporting Reform Act of 1996, which expanded the FCRA by imposing legal duties on persons and entities that furnish information about consumers to CRAs ("furnishers", "furnisher") in order protect consumers, such as Plaintiff, from the willful and/or negligent conduct, actions, and inactions of such furnishers.[1]

4. Pursuant to 15 U.S.C. § 1681s-2(a), the FCRA imposes obligations on furnishers consumer information to CRAs, including the duty to provide accurate information without actual knowledge or reasonable cause to believe that the information is inaccurate such that a reasonable person would doubt the accuracy of the information.[2]

5. Plaintiff suffered harm due to Defendant's systemic pattern and practice of repeatedly furnishing inaccurate consumer information (*hereinafter* "Inaccuracies") to various CRAs.

6. Specifically, Plaintiff suffered harm due to Defendant's willful and/or negligent noncompliance with the FCRA by furnishing Inaccuracies about Plaintiff to no less than three independent CRAs, including Experian Information Solutions, Inc. (*hereinafter* "Experian"), Trans Union, LLC (*hereinafter* "Trans Union"), and Equifax Information Services, LLC (*hereinafter* "Equifax"), each month for twenty-two consecutive months, thereby amassing sixty-six violations of the FCRA as shown in **Exhibit 1** attached hereto.[3]

---

[1] Consumer Credit Reporting Reform Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009.

[2] 15 U.S.C. § 1681s-2(a)(1)(a); 15 U.S.C. § 1681s-2(a)(1)(D).

[3] Consumer reports or "Reports" showing the inaccurate information or "Inaccuracies" relating to Plaintiff furnished by Defendant to no less than three independent CRAs each month for twenty-two months, beginning in May 2013 and continuing until December 2015, thereby constituting sixty-six violations of the FCRA. The Plaintiff's Reports were redacted to show only the Defendant's Inaccuracies and were further redacted pursuant to Fed. R. Civ. P. 5.2. We did not attach the Plaintiff's full credit report showing other furnishers as they are irrelevant to this cause of action.

2

7. Pursuant to 15 U.S.C. § 1681n of the FCRA, the Defendant willfully failed to comply with the requirements imposed by the FCRA with respect to the Plaintiff and Defendant is now liable for actual damages, costs, and attorney's fees.

8. Pursuant to 15 U.S.C. § 1681o of the FCRA, the Defendant negligently failed to comply with the requirements imposed by the FCRA with respect to the Plaintiff and is now liable for actual damages, costs, and attorney's fees.

9. Plaintiff alleges a class action claim against Defendant pursuant to the FCRA 15 U.S.C § 1681s-2 *et seq.*, which requires furnishers of credit reports to provide accurate information about consumers to CRAs.[4]

## II.     PARTIES, JURISDICTION AND VENUE

10. Plaintiff re-alleges and reincorporates Paragraphs 1 through 9 as fully set forth herein below.

11. The Plaintiff, MARK DONALD HUNT ("Plaintiff"), is a natural person over eighteen (18) years of age, is otherwise *sui juris*, and is, was, and at all times material to this action, a resident of Broward County, Florida.

12. The Plaintiff is, was, and at all times material to this action, a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

13. Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION (hereinafter "Defendant", "JPMorgan") is, was, and at all times material to this action a national banking subsidiary of JPMorgan Chase & Co. with its principal place of business at 111 Polaris Pkwy, Columbus, OH 43240. Defendant regularly conducts business in Broward County, Florida and can

---

[4] The Fair Credit Reporting Act, 15 U.S.C §§ 1681s-2(a); 1681s-2(a)(1)(A).

3

be served with process through its registered agent, CT Corporation System, at 1200 S. Pine Island Rd., Plantation, FL 33324.

14. Defendant is, was, and at all times material to this action, a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA to include "…any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."

15. Defendant is, was, and at all times material to this action, a "financial institution" as defined by 15 U.S.C. § 1681a(t) of the FCRA to include any "State or National bank, a State or Federal savings and loan association, a mutual savings bank, a State or Federal credit union, or any other person that, directly or indirectly, holds a transaction account (as defined in 461(b) of Title 12) belonging to a consumer."

16. Defendant regularly and in the ordinary course of business provides information to third party consumer reporting agencies about its accounts with consumers.

17. Defendant is a "furnisher" according to 15 U.S.C. § 1681s-2.

18. The United States District Court for the Southern District of Florida has federal question jurisdiction over Plaintiff's claims against the Defendant pursuant to § 1681(p) of the FCRA and 28 U.S.C. § 1331.

19. Additionally, Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) as the harmful practices are alleged to have been committed in this District and Division, in which Defendant regularly conducts business and where the named Plaintiff resides.

### III.   PLAINTIFF'S STATEMENT OF FACTS

20. Plaintiff re-alleges and reincorporates Paragraphs 1 through 19 as fully set forth herein below.

21. On January 28, 2013, Defendant sent an "Acceleration Warning (Notice of Intent to Foreclose)" (*hereinafter* "AW") attached hereto as **Exhibit 2** and addressed to Plaintiff stating that:

    i. Plaintiff was "in default because you have failed to pay the required monthly installments commencing with the payment due December 1, 2012."

    ii. The "total monthly payments (including principal, interest, and escrow if applicable), late fees, insufficient funds (NSF) fees, and other fees and advances" due under the terms of Plaintiff's "loan documents in the **total amount** of $1,921.15 are **past due**. This **past-due amount** is itemized below."

    iii. This "total amount" that was "past due" and also equivalent to the "past-due amount" was then "itemized below" as to include "Total Monthly Payments" of $2,405.31, "Late Fees" of $108.19, "Advances*" of $92.00 and an "Amount Held in Suspense" of $684.35.[5]

22. Paragraph 3 of the "AW" then demanded that Plaintiff "pay the Total Monthly Payments listed in Paragraph 2 within 35 days from the date of this notice in order to cure this default."

23. Paragraph 4 of the "AW" stated that if Plaintiff failed to cure the default, "Chase may accelerate the maturity of the Loan, declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure by judicial proceeding and conduct a sale of the property. If this happens, Chase will be entitled to collect its expenses incurred in pursuing the remedies provided in the Security Instrument, which may include, but not be limited

---

[5] Defendant's Acceleration Warning (Notice of Intent to Foreclose Mortgage) or "AW" sent to Plaintiff.

to, allowed foreclosure/attorney fees, and other expenses permitted by your loan documents or applicable law."

24. However, Defendant contradictorily states in Paragraph 5 that "if permitted by your loan documents or applicable law," Plaintiff could "reinstate after acceleration" but "the amount required to reinstate may be higher than what is owed under Paragraph 2, due to additional fees and charges that we are entitled to collect under this Loan, including attorney fees, if permitted by law, related to any foreclosure action that we initiate."

25. After providing the remittance address to Plaintiff in Paragraph 6 of the AW, Defendant clarifies that Defendant is **"under no obligation to accept less than the full amount owed"** and that if Plaintiff sent Defendant "less than the full amount owed" Defendant might, in Defendant's "sole discretion apply such partial payment to" Plaintiff's "Loan **without waiving any default or waiving our right to accelerate the Loan** and continue with foreclosure proceedings in accordance in Paragraph 4 above."

26. Defendant's statements in the AW regarding Plaintiff's ability to reinstate and/or decelerate were illusory at best and upon Defendant's declaration of acceleration, there is no indication in the language of the Note, Mortgage, or the AW that Defendant would have accepted monthly installments from Plaintiff under any circumstances.

27. In May 2013, Defendant filed a verified complaint to foreclose mortgage (*hereinafter* "VCFM") as shown in **Exhibit 3** attached hereto,[6] against Plaintiff pursuant to a promissory note

---

[6] Defendant's Verified Complaint To Foreclose Mortgage or "VCFM" showing that Defendant accelerated the Mortgage by stating "declares the full amount payable under the Note and Mortgage to be due and payable", thereby maturing all future monthly payments into one lump sum plus interest immediately due.

6

referred to by Defendant as a "Uniform Secured Note" (*hereinafter* "Note") as shown in **Exhibit 4** attached hereto[7] and purchase money mortgage referred to by Defendant as a "Security Instrument" (*hereinafter* "Mortgage") shown in **Exhibit 5** attached hereto,[8] which were both executed and delivered by Plaintiff to Defendant in November 2002 and properly recorded by Defendant in the Official Records Book 34185, Page 977 of the Public Records of Broward County, Florida.

28. The VCFM stated that Plaintiff had been in default on the loan payments since December 1, 2012.

29. Additionally, the VCFM stated that Defendant "declares the full amount payable under the Note and Mortgage to be due and payable", thereby accelerating the mortgage and maturing all future monthly payments into one lump sum plus interest immediately due.

30. Thus, the filing of the VCFM on May 21, 2013 constitutes the date of acceleration, after which Plaintiff no longer had the ability and/or obligation to make monthly payments to Defendant.

**31. Pursuant to the Note, the only right and/or remedy of Plaintiff is reinstatement, not to make monthly payments, as shown in Exhibit 4.**

**32. The Note does not provide a mechanism to for make monthly payments after acceleration has occurred.**

33. For twenty-two consecutive months beginning in May 2013 (the same month Plaintiff's Note was accelerated) and continuing until December 2015, Defendant continued to furnish

---

[7] The promissory note executed by Plaintiff and delivered to Defendant or the "Note".

[8] The mortgage, "Security Instrument", or "Mortgage executed by Plaintiff and delivered to Defendant.

Inaccuracies about Plaintiff in relation to the Note and Mortgage to various CRAs including Experian, Trans Union, and Equifax, which were then included in Plaintiff's consumer credit reports (*hereinafter* "Reports") as shown in **Exhibit 1**.

34. These Reports show that Defendant engaged in the harmful practice of furnishing Inaccuracies falsely asserting that Plaintiff had missed installment payments pursuant to the original Note and Mortgage to no less than three (3) CRAs in violation of the FCRA and despite Defendant's acceleration in the VCFM, making monthly payments no longer an option or a requirement applicable to Plaintiff.

35. The Inaccuracies include, but are not limited to, false information showing that Plaintiff was late on a monthly mortgage after the date of acceleration.

36. As demonstrated by the Reports, on or about May of 2017, Plaintiff discovered these Inaccuracies, which continue to appear as derogatory marks against Plaintiff, within the statutory limits prescribed by 15 U.S.C. § 1681p despite Defendant's election to accelerate the Note and Mortgage.

37. **Therefore, the Inaccuracies relating to Plaintiff, furnished by Defendant to no less than three (3) CRAs for twenty-two consecutive months following acceleration of the Mortgage and thereafter included in the Reports, constitute a minimum of sixty-six instances in which Defendant willfully and/or negligently violated the FCRA, thereby destroying Plaintiff's credit resulting in the harm giving rise to this action.**

38. **Defendant has maintained this pattern and practice of willfully and/or negligently harming consumers by repeatedly and continuously furnishing Inaccuracies about consumers to various CRAs, after accelerating thousands of mortgages, deeds of trust,**

**and/or security deeds (depending on the jurisdiction) (*hereinafter* "Loan", "Loans"), in violation of the FCRA.**

**39. As a result of Defendant's conduct, actions and inactions in violation of the FCRA, numerous consumers, including Plaintiff, have suffered severe harm.**

## IV.    CLASS ACTION ALLEGATIONS

40. Plaintiff re-alleges and reincorporates Paragraphs 1 through 39 as fully set forth herein below.

41. Plaintiff asserts the claims in Count One and Count Two, individually, and on behalf of a putative class of ordinary persons defined as follows:

**Proposed Class (*hereinafter* "Class"):** All persons residing within the United States, including all United States territories and political divisions of the United States, constituting consumers under 15 U.S.C. § 1681a(c) of the FCRA, who had a Loan and/or mortgage, pursuant to an agreement with Defendant, which was "accelerated" by Defendant, thereby maturing all future repayment installments into one lump sum consisting of the full amount payable under the note and mortgage, plus interest, and was subsequently harmed, within the statutory limits prescribed by 15 U.S.C. § 1681p, due to Defendant's harmful practice of continuing to furnish Inaccuracies about consumers to one or more CRAs after acceleration in violation of 15 U.S.C. § 1681s-2a(1)(A).

> **Excluded from the Class definition: i. any and all employees, officers, directors, agents, servants, associates, investigators, attorneys, representatives, and shareholders of Defendant; ii. any and all**

attorneys appearing in this case; and iii. any and all judges assigned to hear this action.

**42. *Numerosity. Fed. R. Civ. P. 23(a)(1)*:** Plaintiff brings this Class Complaint (*hereinafter* "Complaint") on behalf of all persons similarly situated constituting members of the Class. The number of Class members is impossible to estimate but is believed to be so numerous that joinder of all Class members is impracticable. Based on available information, Defendant has accelerated the mortgages of countless consumers meeting the definition of the Class. Members of the class can be objectively ascertained through the records kept by Defendant.

**43. *Commonality. Fed. R. Civ. P. 23(a)(2)*.** Plaintiff's Complaint, brought on behalf of the Class, contains questions of law and/or fact common to the Class. These questions of law and/or fact common to Class members predominate over any questions affecting the individual members of the Class and include the following:

> *i. Whether Defendant violated the FCRA by willfully furnishing Inaccuracies about Plaintiff and Class members to any and all CRA(s) in violation of 15 U.S.C. § 1681s-2(a);*
>
> *ii. Whether Defendant violated the FCRA by negligently furnishing Inaccuracies about Plaintiff and Class members to any and all CRA(s) in violation of 15 U.S.C. § 1681s-2(a);*

**44. *Typicality. Fed. R. Civ. P. 23(a)(3)*.** Plaintiff's Complaint, brought on behalf of the Class, contains claims and/or defenses that are typical of the claims and/or defenses of the Class, such that, Plaintiff and Class members have suffered damages as a result of Defendant's willful and/or negligent conduct, actions, and inactions.

45. *Adequacy. Fed. R. Civ. P. 23(a)(4)*. Plaintiff will fairly and adequately represent the interests of the Class as Plaintiff's interests align and are not in conflict with members of the Class. Additionally, Plaintiff has retained competent counsel and is determined to litigate this action zealously on behalf of the Class. Thus, Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the Class.

46. *Superiority. Fed. R. Civ. P. 23(b)(3)*: These questions of law and/or fact common to Class members predominate over any questions affecting the individual members of the Class, such that proceeding as a class action is superior to alternate methods available and is necessary to fairly and efficiently adjudicate the controversy. Additionally, litigation by individual Class members would prove burdensome and costly due to the complex nature of the proceedings such that the claims of individual Class members unable to afford the high costs would go without redress and any individual Class members financially able to proceed would render the Courts needlessly overburdened. Furthermore, individually litigating the claims of Class members would result in inconsistent and conflicting rulings requiring additional expenses and proceedings, thereby compounding an already unnecessarily overburdened court and an already outpriced Class. In the interest of all parties, proceeding as a class action provides the most efficient method of resolving the numerous claims of the Class members against Defendant.

### V. COUNT ONE: WILLFUL NONCOMPLIANCE

**[DEFENDANT JPMORGAN: Pursuant to 15 U.S.C. § 1681n]**

**Class Claim**

47. Plaintiff re-alleges and reincorporates Paragraphs 1 through 46 as fully set forth herein below.

48. Defendant liable under 15 U.S.C. § 1681n by violating 15 U.S.C. § 1681s-2(a)(1)(A) by:

   i. Willfully and maliciously failing to comply with Defendant's duty as a furnisher of information to provide accurate information when reporting consumer-related information to any and all CRA(s).

   ii. Willfully and repeatedly furnishing Inaccuracies to Plaintiff to various CRAs despite having actual knowledge and/or reasonable cause to believe that the information is inaccurate.

   iii. Maintaining and engaging in a systemic pattern and practice of willful noncompliance with Defendant's duties as prescribed by 15 U.S.C. 1681s-2(a) of the FCRA.

49. As a result of Defendant's willful noncompliance with the FCRA in violation of Defendant's duty, Plaintiff and members of the Class suffered severe damage to their personal and consumer reputations, thereby causing Plaintiff and members of the Class to suffer severe harm. Defendant's conduct was willful, rendering Defendant liable for actual damages, costs, and attorney's fees under 15 U.S.C. § 1681n of the FCRA.

## VI.   COUNT TWO: NEGLIGENT NONCOMPLIANCE

### [DEFENDANT JPMORGAN: Pursuant to 15 U.S.C. § 1681o]

### Class Claim

50. Plaintiff re-alleges and reincorporates Paragraphs 1 through 46 as fully set forth herein below.

51. Defendant liable under 15 U.S.C. § 1681o by violating 15 U.S.C. § 1681s-2(a)(1)(A) by:

      i. Negligently breaching Defendant's duty as a furnisher of information to provide accurate information when reporting consumer-related information to any and all CRA(s).

      ii. Repeatedly and negligently furnishing Inaccuracies relating to Plaintiff to various CRAs despite having actual knowledge and/or reasonable cause to believe that the information is inaccurate.

      iii. Maintaining and engaging in a systemic pattern and practice of negligent noncompliance with Defendant's duties as prescribed by 15 U.S.C. 1681s-2(a) of the FCRA.

52. As a result of Defendant's negligent noncompliance with the FCRA and breach Defendant's duty, Plaintiff and members of the Class suffered severe damage to their personal and consumer reputations, thereby causing Plaintiff and members of the Class to suffer severe harm.

53. Defendant's conduct was negligent, rendering Defendant liable for actual damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681o of the FCRA.

## VII.  PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK DONALD HUNT, individually, and on behalf of the Class, moves for class certification as set forth herein, designation of Plaintiff as the Class Representative, the undersigned attorney as Class Counsel, and respectfully asks this Honorable Court to grant Plaintiff relief for his claims and prays for judgment against DEFENDANT, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, for:

      i. declaratory relief stating that Defendant's conduct, actions and inactions violate the FCRA;

    ii. declaratory and injunctive relief preventing Defendant from violating the FCRA in the future;

    iii. statutory damages;

    iv. actual damages;

    v. attorney's fees and costs;

    vi. pre-judgment and post-judgment interest;

    vii. any other relief this Honorable Court deems just and proper.

## VIII. CLASSWIDE PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, MARK DONALD HUNT, on behalf of himself and the putative Class members, moves for class certification and respectfully asks this Honorable Court to grant him relief for his class claims and prays for judgment against DEFENDANT, JPMORGAN CHASE BANK, NATIONAL ASSOCIATION:

    i. directing Defendant to cease its violations of the FCRA;

    ii. awarding Plaintiff and the Class statutory damages as requested above;

    iii. awarding Plaintiff and the Class actual damages as requested above;

    iv. awarding Plaintiff and the Class attorney's fees, costs, and expenses incurred in this action;

    v. pre-judgment and post-judgment interest;

    vi. any other relief this Honorable Court deems just and proper.

## IX. DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the putative class members, demands a trial by jury of all issues triable by jury as a matter of right.

DATED this 21st day of June, 2017.

                                          Respectfully submitted,

                                          **JONATHAN KLINE, ESQ.**
                                          Fla. Bar No.: 6092
                                          Service E-mail: emailservice@jklawfl.com
                                          JONATHAN KLINE, P.A.
                                          2761 Executive Park Dr.
                                          Weston, FL 33331
                                          Telephone: (954) 888-4646
                                          Facsimile: (954) 888-4647
                                          *Attorney for Plaintiff*